UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGIA ESTELLE GILBERT JNO BAPTISTE, a living woman, appearing by Original Jurisdiction and Special Appearance Only,<br><br>           Plaintiff,<br><br>v.<br><br>CITY OF TULSA,<br><br>           Defendant. | Case No. 25-CV-0619-CVE |

## OPINION AND ORDER

Now before the court is plaintiff's complaint (Dkt. # 1)[1] which she named "petition for writ of habeas corpus." Based on plaintiff's allegations, it appears that she received a traffic citation and was directed to attend municipal court in the city of Tulsa, Oklahoma. Dkt. # 1, at 1. Instead of admitting liability or making a plea, plaintiff objected to the municipal court's jurisdiction over the matter, and the municipal court treated plaintiff's jurisdictional arguments as a not guilty plea. Id. at 2. Plaintiff continued to object to the municipal court's jurisdiction, including an argument that the municipal lacked jurisdiction under Marbury v. Madison, 5 U.S. 137 (1803), and she claims that the municipal court continued to mischaracterize her jurisdictional objections as a not guilty plea in violation of her constitutional rights. Id. On March 25, 2025, the municipal court entered judgment against plaintiff in the amount of $250 for running a red light, and imposed $221 in court costs. Dkt. # 6, at 4. It appears that plaintiff filed multiple appeals of the judgment and fine, and her appeals were dismissed for lack of appellate jurisdiction. Dkt. # 1, at 8-14. Plaintiff asks the Court to declare the municipal court's judgment void, vacate all rulings by the municipal court and Oklahoma

---

[1] Plaintiff has paid the filing fee and is not seeking to proceed in forma pauperis. Dkt. # 2.

appellate courts, and prevent state or municipal courts from taking any action against her for failing to comply with the municipal court's judgment. Id. at 4. Plaintiff repeatedly states that she is seeking habeas relief under 28 U.S.C. § 2254.

Federal courts are courts of limited jurisdiction and lack the power to hear any case that is beyond their subject-matter jurisdiction. Merida Delgado v. Gonzalez, 428 F.3d 916, 919 (10th Cir. 2005); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (defining federal subject-matter jurisdiction as "the courts' statutory or constitutional power to adjudicate the case"). The party invoking federal jurisdiction bears the burden of "alleg[ing] facts demonstrating the appropriateness of invoking judicial resolution of the dispute." New Mexicans for Bill Richardson v. Gonzalez, 64 F.3d 1495, 1499 (10th Cir. 1995) (citing Renne v. Geary, 501 U.S. 312, 317 (1991)); McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 182 (1936). Even if a party has not raised the issue of jurisdiction, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). A court may raise the issue of subject matter jurisdiction sua sponte and at any stage of litigation. 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006); Tafoya v. U.S. Dep't of Just., 748 F.2d 1389, 1390 (10th Cir. 1984) ("Insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties."). Under Federal Rule of Civil Procedure 12(h)(3), if a court raises the issue of subject matter jurisdiction and finds that it lacks jurisdiction, it must dismiss the case.

In cases where the proponent of federal subject matter jurisdiction is proceeding pro se, as plaintiff is here, a court must hold that litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court is in no position to " supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Put differently, this liberal standard "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff appears to be asking the Court to grant a writ of habeas corpus under 28 U.S.C. § 2254, and she states that she is not seeking any other type of relief. Dkt. # 1, at 1 ("This filing is presented solely for administrative identification as a 'Petition for Writ of Habeas Corpus,' referencing 28 U.S.C. § 2254 for filing purposes"). Plaintiff does not invoke any other federal statute under which a federal question arises, and it does not appear that plaintiff is attempting to assert any other type of federal claim. See 28 U.S.C. § 1331. Likewise, plaintiff fails to allege that complete diversity exists among the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). The Court plainly lacks diversity jurisdiction over this case but, given plaintiff's pro se status, the Court will treat her filing as a hybrid civil rights complaint and petition for habeas corpus.

Plaintiff could be attempting to allege a civil rights claim under 42 U.S.C. § 1983, because she makes numerous allegations that her constitutional rights were violated during the proceedings before the municipal court. Plaintiff has not sued any individual defendants and her claim against the City must evaluated under the standard applicable to § 1983 claims against municipal entitites.

Under § 1983, a local government or municipality may be held liable for adopting an official policy or custom causing a violation of constitutional rights, but local governments can not be sued under a respondeat superior theory of liability. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). "To establish a claim for damages under § 1983 against municipal entities or local government bodies, the plaintiff must prove (1) the entity executed a policy or custom (2) that caused the plaintiff to suffer deprivation of constitutional or other federal rights." Moss v. Kopp, 559 F.3d 1155, 1168 (10th Cir. 2009). Plaintiff was plainly dissatisfied by the proceedings before the municipal court, but she has not alleged facts suggesting that she was denied procedural due process. The mere fact that the municipal court denied her jurisdictional challenges and treated her arguments as not guilty pleas does not suggest that plaintiff's constitutional rights were violated and, even if the Court assumed that a constitutional violation occurred, plaintiff has not alleged that a violation of her constitutional rights was caused by an official custom or policy. Plaintiff has not alleged a viable claim for relief under § 1983.

To the extent that plaintiff could be seeking habeas relief, this Court finds that it lacks jurisdiction to adjudicate plaintiff's habeas claim, because plaintiff is not in custody under the challenged municipal court judgment. A state prisoner seeking federal habeas relief must show that she is "in custody pursuant to the judgment of a State court" when she files the petition. 28 U.S.C. § 2254(a); see United States v. Bustillos, 31 F.3d 931, 933 (10th Cir. 1994) (stating that "[t]he party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction" and, thus, that such party must demonstrate that she "is in custody at the time of initiating her petition"). The in-custody requirement is jurisdictional. McCormick v. Kline, 572 F.3d 841, 848 (10th Cir. 2009). And "[t]o obtain relief under § 2254, the applicant must be 'in

custody' under the challenged judgment." Anderson-Bey v. Zavaras, 641 F.3d 445, 453 (10th Cir. 2011). No allegations in the complaint plausibly suggest, much less support, that plaintiff has ever been placed in custody under the challenged judgment, because she was simply fined and never subjected to a prison sentence as a result of her municipal conviction. Erlandson v. Northglenn Municipal Court, 528 F.3d 785, 788 (10th Cir. 2008) (imposition of a fine by a municipal court did not satisfy the custody requirement under § 2254). Because she is not in custody under the challenged judgment, plaintiff cannot collaterally attack the validity of that judgment through a habeas petition. See Maleng v. Cook, 490 U.S. 488, 492-93 (1989) (per curiam).

Pursuant to 28 U.S.C. § 2253, a habeas petitioner is required to obtain a COA before appealing a final order in a proceeding under 28 U.S.C. § 2254. Section 2253(c) instructs that the court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a COA should not issue because plaintiff has not made a substantial showing of the denial of a constitutional right. The Court does not find that the issues raised by plaintiff are debatable among jurists or that the Tenth Circuit would resolve the issues differently, and plaintiff has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice** for lack of subject matter jurisdiction as to her § 1983 and habeas corpus claims. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability to the extent that plaintiff is seeking habeas relief under 28 U.S.C. § 2254.

**DATED** this 8th day of October, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE